UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,<br><br>    Plaintiff,<br><br>vs.<br><br>IDAHO BOARD OF CORRECTION, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00740-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Stephen Ullrich has filed a prisoner civil rights lawsuit that is subject to the screening provisions of Title 28 U.S.C. § 1915. He complains generally that, from March 18, 1999, to the present date, prison officials have abused, neglected, or exploited him as a disabled individual. (Dkt. 3 at 6). He asserts he should be housed not in a prison in dormitory-style conditions, but in a mental hospital. (*Id*. at 7, 12; Dkt. 3-1 at 18, 38). He asserts various Americans with Disabilities Act claims, such as not being provided with reasonable notice of programs and activities that are accessible to him as a disabled person. (*Id*. at 10). He also asserts that the prison has an inadequate law library and provides inmates with complaint forms, but no legal help. (Dkts. 3-1 at 6-7, 26-27).

1. **Three Strikes Analysis**

Plaintiff previously filed three actions that were deemed frivolous or malicious or that failed to state a claim upon which relief can be granted. Hence, he has been issued three strikes under 28 U.S.C. §1915(g) for those actions: *Ullrich v. Idaho*, Case no. 1:08-cv-00076-BLW

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

(Dkt. 7, 8) (noting that, as of 2008, Plaintiff "had filed at least twenty-six (26) civil lawsuits in the District of Idaho involving the same allegations arising out of his criminal conviction and alleged civil rights violations, and he has failed to prevail in any of them" and "[i]t is obvious from the number of complaints Plaintiff has filed while in the custody of the IDOC that he is unwilling to follow the Court's directives about filing repetitive lawsuits, and he is now flagrantly violating the Court's orders"); *Ullrich v. Canyon County*, Case no. 1:06-cv-00320-EJL (Dkts. 10, 11); and *Ullrich v. Prior*, Case No. 1:06-cv-00500-EJL (Dkt. 13, 14). Petitioner's repetitive filings have also prompted issuance of a pre-filing review Order in Case no. 17-80090 in the Ninth Circuit Court of Appeals.

When a prisoner has accumulated three strikes, he is required to pay the filing fee of $405, because he is not permitted to proceed in forma pauperis. An exception exists for prisoners whose pleadings show that they are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is familiar with this requirement, as he has been given this warning in other cases he has filed in federal court, such as *Ullrich v. Idaho Supreme Court*, Case no. 1:15-cv-00220-CWD; and *Ullrich v. Idaho State*, Case no. 1:15-cv-00119-EJL.

Plaintiff cannot proceed with a civil rights action as a pauper unless he shows he is in imminent danger of serious physical injury. Knowing this standard, Plaintiff alleges, "I am in imminent danger of more general, and irreparable harm." *Id*. at 11. He further states that he has suffered a physical and psychological injury from "security, noise, sanitation, [and] exacerbated medical-psychological conditions." Dkt. 3-1 at 40. These vague statements are insufficient to show he is in imminent danger of serious bodily injury. Plaintiff has not alleged that he does not have access to regular psychological care as a medical necessity, but instead focuses on the lack of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

prison resources for disabled individuals in general and his lack of adequate legal resources to continue to file complaints and petitions.

It is clear that the Complaint centers on Plaintiff's inability to secure a transfer to a mental hospital, like several other complaints he has filed, authored, or contributed to: *Ullrich v. Idaho State Legislature*, Case no. 1:16-cv-00551-CWD; *Knight v. Idaho Board of Correction*, Case no. 1:16-cv-00358-REB; *Paxton v. State of Idaho*, Case no. 1:16-cv-00138-REB; and *Ullrich v. Otter*, Case no. 1:17-cv-00026-CWD.

Because Plaintiff has three strikes and has not met the exception to proceed with a civil rights action as a pauper, he must pay the filing fee of $405 if he desires to proceed.

2. **Pre-Filing Review – Litigation Management Order Analysis**

In addition, Plaintiff is subject to a pre-filing review order issued in Case no. 1:20-cv-00035-DCN, *Ullrich v. Idaho State Courts* (Case 35), which is intended to curb Plaintiff Stephen Ullrich's frivolous and repetitive filings. (Case 35, Dkt. 2). According to the "Litigation Management Order "in Case 35, before filing a complaint Plaintiff is required to file a "Request for Authorization for Filing" of no more than three pages that must state all of the following: the federal legal basis for the cause of action Plaintiff desires to bring, the defendants Plaintiff desires to sue, the facts supporting the cause of action, and the reason why it meets the "imminent danger of serious physical injury" requirement of 28 U.S.C.§ 1915(g). (*Id.*). Plaintiff has violated that Order by filing a 15-page Complaint with 29 exhibits and a 10-page "Petition for Permission." Plaintiff was specifically ordered not to file any more "Petitions for Permission" that would be docketed as new cases, but to file any new "Authorization for Filing" in Case 35. Petitioner has also violated that provision of the Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

The Litigation Management Order specifically provides:

> Any new claims that meet the § 1915(g) standard must *not* be mixed together with claims addressing his state criminal conviction and sentence (including failure to place him in a mental health facility); claims based on the closed *Balla* class action; claims related to the Idaho statutes governing insanity; claims arising from the Idaho statutes governing placement in prison or a mental health facility; claims grounded in pre-*Lewis v. Casey*, 518 U.S. 343 (1996), case law addressing prisoner access to the courts; claims based on dissenting opinions he believes are relevant to his state criminal conviction and sentence (including nonplacement in a mental health facility); and similar claims or issues the federal courts have already rejected.

(Case 35, Dkt. 2 at 8). Plaintiff's new Complaint transgresses most of these provisions.

Plaintiff was clearly instructed how to bring "imminent danger" lawsuits in the Litigation Management Order in Case 35, so that he was not left without a remedy for serious harms. Because Plaintiff has failed to articulate sufficient facts to proceed under the exception to the three strikes rule and because Plaintiff has not complied with the Litigation Management Order in Case 35, this case will be dismissed.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED.

2. Plaintiff's Motion for an Expert Opinion (Dkt. 4) is DENIED.

3. Plaintiff's Motion for an Order of Pre-Disclosure (Dkt. 5) is DENIED.

4. Plaintiff's Motion for Appointment of Counsel (Dkt. 6) is DENIED.

5. Plaintiff's Petition for Permission (Dkt. 3-2) is DENIED.

6. Plaintiff's Motion to Clarify (Dkt. 9) is DENIED.

7. This case is DISMISSED without prejudice for the reasons set forth above.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

8. A pre-filing review Order was issued in Case no. 17-80090 in the Ninth Circuit Court of Appeals. For purposes of appeal, the Court finds this case frivolous, as it is an attempt to contest the same issues that have already been litigated to a conclusion in federal habeas corpus and civil rights cases, and it fails to comply with the Litigation Management Order issued in Case 35.

DATED: January 12, 2026

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**